Phillip LEWIS, Plaintiff,

v.

**CITY OF ALBANY POLICE DE-PARTMENT and William Bonanni, Defendants.**

No. 1:04–CV–152.

United States District Court, N.D. New York.

May 20, 2008.

Getnick, Livingston, Atkinson, Gigliotti and Priore, LLP (Patrick G. Radel, Esq., of counsel), Utica, NY, for Plaintiff.

Rehfuss, Liguori & Associates, P.C. (John W. Liguori, Esq., of Counsel), Latham, NY, for Defendant City of Albany.

David Brickman, Albany, NY, for Defendant Bonanni.

### MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

On April 24, 2008, a Memorandum–Decision and Order was issued denying defendants' post-trial motions, thus upholding the jury's awards of $65,000 in compensatory damages against both defendants and $200,000 in punitive damages against defendant William Bonanni ("Bonanni"). *See Lewis v. City of Albany Police Dep't,* 547 F.Supp.2d 191 (N.D.N.Y.2008). Plaintiff Phillip Lewis ("Lewis" or "plaintiff") time-ly filed an application for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Defendant City of Albany Police Department ("the City") responded. Bonanni made no response to plaintiff's application for attorney's fees and costs. The application was taken on submission without oral argument.

## II. STANDARD

Costs other than attorney's fees "should be allowed to the prevailing party." Fed. R.Civ.P. 54(d). Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to a prevailing party in, inter alia, civil rights litigation as part of the costs imposed.

■ Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 183–84 (2d Cir.2008). The reasonable hourly rate should be "what a reasonable, paying client would be willing to pay." *Id.* at 184. Generally the appropriate base hourly rate applied should be the "prevailing hourly rate in the district where" the court sits. *Id.* at 183; *Picinich v. United Parcel Serv.,* No. 5:01–CV–01868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008). However, an applicant may demonstrate through a variety of factors that it would be reasonable for a paying client to retain counsel at some higher rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n,* 522 F.3d at 184, 190–92; *Picinich,* 2008 WL 1766746, at *2.

■ The prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, are "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per

hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Picinich,* 2008 WL 1766746, at *2. Additionally, it is customary in this district to allow only one-half the hourly rate for travel time.

## III. DISCUSSION

### A. Attorney's Fees

Plaintiff seeks the amount of $225 per hour for his attorney, Patrick G. Radel, Esq., ("Attorney Radel") arguing that the prevailing rate in this district established in 1999 of $175, *see TM Park Ave. Assoc. v. Pataki,* 44 F.Supp.2d 158, 167 (N.D.N.Y. 1999), *vacated on other grounds,* 214 F.3d 344 (2d Cir.2000), should be adjusted for inflation to yield his suggested hourly rate. He further asserts that a rate of $100 per hour is customary and reasonable for paralegal services. Accordingly, plaintiff seeks $42,135.00 against both defendants and $5,117.00 against Bonanni (hours spent on the punitive damages trial).

The City does not argue that the requested number of hours is unreasonable. Rather, it argues that the rates sought by plaintiff are above the prevailing rates in this district and further that the maximum amount awarded for Attorney Radel's work should be $120 per hour for work performed prior to the fourth anniversary of his admission to practice and $150 per hour for the remainder. The City also argues that the rate for paralegal services should be limited to the prevailing rate in this district, $80 per hour. It contends that no circumstances warrant increasing the prevailing rates for the litigation of this matter.

Thus, the issue is what is the rate at which Attorney Radel should be compensated. Despite the characterization by the City, the question is not whether the prevailing rates in this district should be increased (such as for out-of-district coun-

sel), but rather which prevailing rate is a reasonable hourly rate in this case. *See Arbor Hill Concerned Citizens Neighborhood Ass'n,* 522 F.3d at 183–84 (discussing how the prevailing hourly rate is used to calculate the "presumptively reasonable fee" including accounting for "case-specific variables").

Attorney Radel graduated *summa cum laude* from the University at Buffalo Law School in 2002. At the University at Buffalo Law School he served as Executive Editor of the *Buffalo Law Review* and received numerous achievement awards. During law school he interned for a Justice of the New York State Supreme Court and served as a summer associate with a large international law firm in New York City. He then served for two years as a confidential law clerk to the Honorable William M. Skretny, United States District Judge for the Western District of New York. He has been admitted to practice in New York State, the United States Supreme Court, the United States District Courts for the Northern and Western Districts of New York, the United States Court of Appeals for the Third Circuit, and the United States Bankruptcy Courts for the Northern and Western Districts of New York.

Following his tenure with the United States District Court for the Western District of New York, Attorney Radel became associated with the law firm of Getnick Livingston Atkinson Gigliotti & Priore, LLP, where he remains employed. His practice is concentrated in litigation, focusing on creditors' rights and bankruptcy law. In addition to trying bankruptcy matters, he has argued before the New York State Supreme Court Appellate Division Fourth Department, assisted in cases being litigated before the New York State Court of Appeals and the United States District Court for the District of New Jer-

sey, and has represented parties in several cases in this district.

Attorney Radel was appointed pro bono counsel to Lewis after summary judgment was granted dismissing all but one of his claims and the City was terminated as a defendant. He accepted the appointment knowing of the limited possibility for success in a prisoner civil rights case and despite the fact that even trying such a civil rights case to a favorable conclusion would not lead to reputational enhancement that would positively impact upon his creditors' rights and bankruptcy practice.

Attorney Radel obtained new evidence in discovery, and, using that evidence moved for reconsideration of the prior decision dismissing the majority of Lewis's case and was successful in obtaining the reinstatement of the municipal liability claims against the City, as well as the equal protection claim against Bonanni. He conducted multiple depositions and discovery concerning the new evidence after the successful reconsideration motion. He defeated defendants' requests to bifurcate the trial. He also obtained favorable in limine rulings permitting admission of prior bad acts evidence against both defendants. The jury found in plaintiff's favor on his excessive force and equal protection claims against Bonanni in the face of testimony detrimental to plaintiff's case including that of four police officers that there was no physical contact between Lewis and Bonanni. The jury also found liability on the part of the City. Sizeable compensatory and punitive damages were awarded.

Attorney Radel's written submissions throughout his representation of Lewis have been of the highest quality. His oral advocacy well exceeded the average, demonstrating a thorough knowledge of the facts of the case and the applicable law, then presenting well-conceived and argued application of the law to the facts.

 The City argues that Attorney Radel should be compensated at the prevailing rates applicable for inexperienced and moderately experienced attorneys ($120 and $150 per hour). However, it is an untenable proposition that an attorney exhibiting the competence and skill ordinarily expected only of a highly experienced attorney should not be compensated to the same degree merely due his (relatively) short tenure in the profession. Attorney Radel's competence reflected by his representation of Lewis in this case was at least equal to, or even exceeded, that of highly experienced attorneys appearing in the Northern District of New York. A reasonable, paying client would be willing to pay $210.00 per hour for an attorney of the competence and skill exhibited by Attorney Radel.

Accordingly, the prevailing rate of $210.00 per hour will be multiplied by the admittedly reasonable number of hours expended in the prosecution of this case, resulting in a presumptively reasonable fee. The hourly rate for travel time is one-half that rate, or $105.00, and paralegal services will be compensated at $80.00 per hour.

Attorney's fees are awarded as follows:

Against both defendants:

| | |
|---|---|
| 184.60 attorney hours @ $210.00 [1] | $38,766.00 |
| 6 paralegal hours @ $80.00 | 480.00 |
| | $39,246.00 |

Against Bonanni:

| | |
|---|---|
| 22.30 attorney hours @ $210.00 [2] | $4,683.00 |
| 1 paralegal hour @ $80.00 | 80.00 |
| | $4,763.00 |

1. Twelve travel hours were billed as six hours.

2. Three travel hours were billed as 1–1/2 hours.

 

## B. *Costs*

 Plaintiff also seeks $3,180.69 in costs. The City contends that plaintiff cannot recover costs. Rather, relying on Local Rule 83.3(g), the City argues that because Attorney Radel was appointed pro bono counsel, costs must be paid from the district Pro Bono Fund rather than be taxed against defendants. Local Rule 83.3(g) provides a mechanism by which pro bono counsel can be reimbursed for expenses from the district Pro Bono Fund. Reimbursement for expenses encourages attorneys to volunteer for the district's pro bono panel by eliminating the possibility that pro bono appointees will incur out-of-pocket losses should the representation conclude unfavorably. This provision does not supplant the general rule that costs incurred by the prevailing party may be taxed to the losing parties, indicated by the rule's provision that appointed counsel seeking reimbursement for expenses recoverable as costs must submit a verified bill of costs on the form provided by the Clerk. *See* L.R. 83.3(g); *see also* General Order 34 (N.D.N.Y. Mar. 17, 2008), *available at* http://www.nynd.uscourts.gov/documents/GO34.pdf. Accordingly, plaintiff is awarded $3,180.69 in costs taxable to defendants.

## IV. *CONCLUSION*

Plaintiff is entitled to attorney's fees and costs in the total amount of $47,189.69 ($44,009.00 attorney's fees; $3,180.69 costs).

Accordingly, it is

ORDERED that

1. Plaintiff is awarded attorney's fees and costs in the total amount of $47,189.69;

2. Defendants City of Albany Police Department and William Bonanni are jointly and severally liable for $65,000.00 in compensatory damages; $39,249.00 in at-torney's fees; and $3,180.69 in costs; for a total of $107,429.69;

3. Defendant William Bonanni is individually liable for $200,000.00 in punitive damages and $4,763.00 in attorney's fees for a total of $204,763.00; and

4. The Clerk of the Court is directed to enter judgments in favor of plaintiff Phillip Lewis and in the amount of $107,429.69 against defendants City of Albany Police Department and William Bonanni and in the amount of $204,763.00 against defendant William Bonanni. The total of the two judgments is the amount of $312,292.69.

IT IS SO ORDERED.