Phillip LEWIS, Plaintiff–Appellee,

v.

CITY OF ALBANY POLICE DEPART-
MENT, William Bonnani, Defen-
dants–Appellants.

No. 08–2722–cv.

United States Court of Appeals,
Second Circuit.

May 7, 2009.

Patrick G. Radel, Getnick, Livingston, Atkinson, Gigliotti & Priore, LLP, Utica, NY, for Plaintiff–Appellee.

Stephan Rehfuss, Rehfuss, Liguori & Associates, P.C., Latham, NY, for the City of Albany Police Department for Defendants–Appellants.

David Brickman, Albany, NY, for William Bonnani.

PRESENT: WILFRED FEINBERG and JOSÉ A. CABRANES, Circuit Judges, J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Defendants-appellants the City of Albany Police Department and William Bonnani, a police officer, appeal from a May 20, 2008 judgment entered in favor of plaintiff-appellee Phillip Lewis on his claims of excessive force and race discrimination arising from his November 23, 2002 arrest. A jury awarded Lewis compensatory damages in the amount of $65,000 and punitive damages in the amount of $200,000, holding the Police Department liable pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The District Court also awarded Lewis $47,189.69 in attorneys' fees and costs. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

 The Police Department and Bonnani challenge the judgment of the District Court on many of the same grounds raised in their motions for judgment as a matter of law or a new trial pursuant to Rules 50(b) and 59, respectively, of the Federal Rules of Civil Procedure. Specifically, they challenge the District Court's rulings on (1) bifurcation, (2) the admission of prior complaints and a perjury charge pertaining to Bonnani, (3) jury selection, (4) the sufficiency of the evidence, (5) the inclusion of an oral addition to the verdict form, (6) defendants' request for a qualified immunity charge, and (7) whether the damages award was excessive. We see no merit in any of these challenges substantially for the reasons stated in the Memorandum–Decision and Order of the District Court denying defendants' Rule 50(b) and 59 motions. *See Lewis v. City of Albany Police Dep't*, 547 F.Supp.2d 191 (N.D.N.Y. 2008). In addition, we perceive no error, much less abuse of discretion, in the decision of the District Court to deny defendant's motion for a new trial.

 Defendants also contend that they should have been allowed to introduce evidence that, prior to his arrest, Lewis had beaten his girlfriend. This information is relevant, defendants argue, because it would have made "clear to the jury that a reasonable officer would have believed that there was a hostage situation and that plaintiff was of extreme danger to himself or others." Reply Br. 17. The flaw in defendants' theory is that the arresting officers did not know of these allegations

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

of domestic abuse until *after* they had arrested Lewis. Knowledge obtained after the arrest cannot be used to justify the amount of force used to accomplish that arrest. *See, e.g., EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 514 (S.D.N.Y.2005) ("Such allegations concerning after-the-fact events are immaterial to ... state of mind."). Accordingly, we see no error in the District Court's decision not to admit this evidence.

■ Defendants next challenge the reasonableness of the award of attorneys fees and the decision of the District Court to award costs to Lewis. We review the award of attorneys' fees for abuse of discretion, *see, e.g., Darnet Realty Assocs. LLC v. 136 E. 56th St. Owners, Inc.*, 214 F.3d 79, 87 (2d Cir.2000), and we find none here. The District Court determined that, despite the relative lack of experience of plaintiff's counsel, his competence "was at least equal to, or even exceeded, that of highly experienced attorneys appearing in the Northern District of New York. A reasonable, paying client would be willing to pay $210.00 per hour for an attorney of the competence and skill exhibited by [plaintiff's counsel.]" *Lewis v. City of Albany Police Dep't*, 554 F.Supp.2d 297, 300 (N.D.N.Y.2008). We see no reasonable basis—and defendants have advanced none—to question the District Court's determination. We also reject defendants' assertion that an award of costs was improper in light of the potential availability of pro bono funds. As the District Court explained, "Local Rule 83.3(g) provides a mechanism by which pro bono counsel can be reimbursed for expenses from the district Pro Bono Fund.... This provision does not supplant the general rule that costs incurred by the prevailing party may be taxed to the losing parties." *Id.* at 301. We agree.

Having considered all of defendants' arguments on appeal, and having found no merit in any of them, we AFFIRM the judgment of the District Court.